IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CYNETHIA TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. _____ |
| | ) |
| WASHINGTON GAS LIGHT COMPANY, | ) |
| d/b/a WASHINGTON GAS | ) |
| | ) |
| **Serve:** Registered Agent | ) |
| Corporation Service Company | ) |
| 100 Shockoe Slip, Fl. 2 | ) |
| Richmond, VA 23219, | ) |
| | ) |
| and | ) |
| | ) |
| WGL HOLDINGS, INC., | ) |
| d/b/a WASHINGTON GAS | ) |
| | ) |
| **Serve:** Registered Agent | ) |
| Corporation Service Company | ) |
| 100 Shockoe Slip, Fl. 2 | ) |
| Richmond, VA 23219, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

COMES NOW the Plaintiff, Cynethia Taylor ("Ms. Taylor" or "Plaintiff"), by counsel, and hereby files her complaint for damages against the defendants, Washington Gas Light Company d/b/a Washington Gas and WGL Holdings, Inc. d/b/a Washington Gas (collectively referred to as "Washington Gas" or "Defendants"). In support thereof Plaintiff states as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action against Washington Gas under Title VII of the Civil Rights Act of 1964 ("Title VII") for discrimination and retaliation based on her sex.

1

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the Complaint alleges violations under Title VII.

3. This Court has personal jurisdiction over the Defendant because it performed the acts complained of herein within this district.

4. On or about April 2, 2020, Plaintiff filed a Charge of Discrimination with the Washington Field Office of the Equal Employment Opportunity Commission (the "EEOC").

5. On or about August 19, 2020, the EEOC issued Plaintiff a notification of her rights-to-sue.

6. Venue is proper in this district and in this division by virtue of 28 U.S.C. §1391(b) because, among other reasons, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## PARTIES

7. Ms. Cynethia Taylor is an African American female resident of the state of Texas.

8. Upon information and belief, Washington Gas Light Complaint d/b/a Washington Gas is a corporation formed under the laws of the Commonwealth of Virginia.

9. Upon information and belief, WGL Holdings, Inc. d/b/a Washington Gas is a corporation formed under the laws of the Commonwealth of Virginia.

## FACTUAL BACKGROUND

10. Washington Gas hired Ms. Taylor in April 2015.

11. Ms. Taylor was employed as a Computer-aided dispatch specialist. At all relevant times to this Complaint, she performed her duties in a satisfactory manner.

12. Ms. Taylor worked at Washington Gas' office located in Springfield, VA.

13. In the summer of 2018, one of Ms. Taylor's male co-worker's, Dwayne Briscoe, approached her at her desk.

14. At the time, Briscoe's penis was fully erect and was visible through his sweatpants.

15. Briscoe directed Ms. Taylor's attention to his fully erect penis and told her "see what you do me."

16. Ms. Taylor declined his advances.

17. Despite being humiliated and offended by Briscoe's conduct, Ms. Taylor did not report the incident at the time because Briscoe was very well liked amongst her co-workers and she feared that she would not be believed.

18. Briscoe regularly asked Ms. Taylor for hugs and kisses.

19. Briscoe made comments to Ms. Taylor about the sexual dreams he had about her.

20. Ms. Taylor declined these advances.

21. In the fall of 2019, Ms. Taylor was in the breakroom and Briscoe approached her.

22. Again, Briscoe's penis was fully erect and was visible through his sweatpants.

23. Again, Briscoe directed Ms. Taylor's attention to his fully erect penis and told her "see what you do me."

24. Ms. Taylor quickly exited the breakroom without saying anything.

25. Again, despite being humiliated and offended by Briscoe's conduct, Ms. Taylor did not report the incident at the time because Briscoe was very well liked amongst her co-workers and she feared that she would not be believed.

26. At the end of January 2020, Briscoe approached Ms. Taylor at her desk.

27. Again, Briscoe's penis was fully erect and was visible through his sweatpants.

28. Again, Briscoe said to Ms. Taylor, "see what you do to me."

29. This time Ms. Taylor had her phone in reach and recorded Briscoe displaying his fully erect penis at her through his sweatpants.

30. Briscoe then asked if Ms. Taylor was recording and she confirmed that she was recording him.

31. Briscoe left Ms. Taylor's work area.

32. Ms. Taylor decided she felt comfortable reporting the conduct this time because she was able to record evidence of Briscoe displaying his fully erect penis.

33. On or about February 5, 2020, Ms. Taylor reported Briscoe's conduct to her supervisor and informed her supervisor that it was not the first time Briscoe had made lewd comments or displayed his fully erect penis through his pants.

34. On or about February 10, 2020, Washington Gas interviewed Ms. Taylor regarding her complaint of harassment.

35. Then on February 18, 2020, as a result of the reported incident, Washington Gas terminated Ms. Taylor.

## COUNT I
**(Title VII – Discrimination based on Sex – Hostile Work Environment)**

36. Plaintiff restates and re-alleges the allegations contained in the proceeding paragraphs of the Factual Background section as if fully set forth herein.

37. Plaintiff was a member of a class protected by Title VII of the Civil Rights Act of 1964, that is, female.

38. Plaintiff suffered abusive and discriminatory treatment at the hands of a co-worker because of her gender.

39. The conduct Plaintiff suffered at the hands of her co-worker was unwelcome, including, but not limited to, requests for a romantic relationship, lewd conversations, and being subjected to see the co-worker's fully erect penis through his pants.

40. This conduct happened on more than one occasion.

41. Plaintiff reported the unwelcome conduct to her supervisor.

42. The harassment by her co-worker was sufficiently pervasive to alter the terms and conditions of Plaintiff's employment at Washington Gas and created an abusive work environment.

43. The conduct of Plaintiff's supervisor should be imputed to Washington Gas because Plaintiff reported the discriminatory and offensive conduct to Washington Gas, yet Washington Gas failed to take prompt and sufficient corrective action to alleviate Plaintiff's hostile work environment.

44. As a result of Washington Gas' hostile work environment, Plaintiff suffered, and continues to suffer, embarrassment, emotional distress, loss of self-esteem, anxiety, and past and future wage loss.

## COUNT II
### (Title VII – Retaliation)

45. Plaintiff restates and re-alleges the allegations contained in the proceeding paragraphs of the Factual Background section as if fully set forth herein.

46. Plaintiff engaged in protected activity under Title VII when she reported her co-worker's harassment based on gender to her supervisor, including but not limited to the co-worker displaying to her his fully erect penis through his pants.

47. Plaintiff suffered an adverse action subsequent to engaging in protected conduct when Defendant terminated her as a result of reporting the harassment.

48. As a result of Washington Gas' retaliation, Plaintiff suffered, and continues to suffer, embarrassment, emotional distress, loss of self-esteem, anxiety, and past and future wage loss.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff, Cynethia Taylor, demands judgment against the defendants, Washington Gas Light Company d/b/a Washington Gas and WGL Holdings, Inc. d/b/a Washington Gas, as follows:

(a) Lost wages in excess of $100,000.00 or in an amount to be proven at trial;

(b) $300,000.00 in compensatory damages for violations of the Title VII;

(c) $300,000.00 in punitive damages for violations of the Title VII;

(d) Plaintiff's attorneys' fees and court costs as provided by statute;

(e) Pre- and post-judgment interest; and

(f) All other further relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury on all issues so triable.

Respectfully submitted,

_____/s/_____
John C. Cook, VSB No. 38310
Philip C. Krone, VSB No. 87723
Cook Craig & Francuzenko, PLLC
3050 Chain Bridge Road, Suite 200
Fairfax, VA 22030
(T): (703) 865-7480
(F): (703) 434-3510
jcook@cookcraig.com
pkrone@cookcraig.com
*Counsel for Plaintiff*