IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CYNETHIA TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:20-cv-1390 (RDA/MSN) |
| ) | |
| WASHINGTON GAS LIGHT COMPANY ) | |
| and WGL HOLDINGS, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendants Washington Gas Light Company's and WGL Holdings, Inc.'s (collectively, "Defendants") Motion to Dismiss Plaintiff Cynethia Taylor's Complaint ("Motion"). Dkt. 8. The Court dispenses with oral argument as it would not aid in the decisional process. *See* Fed. R. Civ. P. 78(b); E.D. Va. Loc. Civ. R. 7(J). The Motion to Dismiss is now fully briefed and ripe for disposition. Considering the Motion (Dkt. 8), Defendants' Memorandum in Support (Dkt. 9), Plaintiff's Opposition to the Motion (Dkt. 12) and Defendants' Reply (Dkt. 13), the Court DENIES the Motion for the reasons that follow.

### I. BACKGROUND

Plaintiff worked as a computer-aided dispatch specialist at Defendant Washington Gas Light Company.[1] Dkt. 1 ¶ 11. Washington Gas hired Plaintiff in 2015 to work in the company's Springfield, Virginia office. *Id.* ¶¶ 10, 12. She alleges that during her time at the company, she was subjected to a hostile work environment in violation of Title VII of the Civil Rights Act of 1964. *Id.* ¶¶ 36-44. She also alleges that when the company terminated her in February of 2020,

---

[1] Defendant WGL Holdings, Inc. is a holding company. Its principal subsidiary entity is Defendant Washington Gas Light Company.

her termination constituted unlawful termination under Title VII. *Id.* ¶¶ 45-48. This Court accepts all facts alleged within the Amended Complaint as true, as it must at the motion to dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Specifically, Plaintiff alleges that in the summer of 2018, a male co-worker—Dwayne Briscoe—approached her at her desk. Dkt. 1 ¶ 13. Plaintiff alleges that Briscoe approached her with a noticeable erection through his sweatpants, telling her, "see what you do to me.'" *Id.* ¶¶ 14-15. Plaintiff was humiliated and offended by this conduct and declined his advances, but she did not report the incident at that time. *Id.* ¶¶ 16-17. Plaintiff also recounts other unwanted sexual advances from Mr. Briscoe. He apparently "regularly asked [her] for hugs and kisses" and commented on "the sexual dreams he had about her." *Id.* ¶¶ 18-19.

As alleged in the Complaint, Briscoe engaged in similar conduct in the fall of 2019. *Id.* ¶ 21. This time, he approached Plaintiff in the breakroom, again with a visible erection through his sweatpants. *Id.* ¶¶ 22-23. He then said to Plaintiff, "see what you do to me." *Id.* ¶ 23. Plaintiff did not say anything in response, instead quickly leaving the breakroom. *Id.* ¶ 24.

Another similar incident occurred in January of 2020. *Id.* ¶¶ 26-31. Briscoe purportedly approached Plaintiff at her desk, again with a perceptible erection, again telling her, "see what you do to me." *Id.* ¶¶ 26-28. Plaintiff then took her phone and began filming the encounter, recording "Briscoe displaying his fully erect penis at her through his sweatpants." *Id.* ¶ 29. Briscoe asked Plaintiff if she was recording him; in response, Plaintiff confirmed that she was indeed filming the incident. *Id.* ¶ 30. Briscoe then left her work area. *Id.* ¶ 31. She reported this incident to her supervisor on February 5, 2020, informing her supervisor that this was not the first time Briscoe had approached her with a visible erection and directed lewd comments at her. *Id.* ¶ 33.

On February 10, 2020, Washington Gas interviewed Plaintiff regarding her harassment complaint against Mr. Briscoe. *Id.* ¶ 34. Then, on February 18, 2020, the company terminated Plaintiff's employment. *Id.* ¶ 35. According to Plaintiff, she was terminated because she complained about workplace harassment. *See id.*

On November 16, 2020, Plaintiff filed suit in this Court. Dkt. 1. Defendants then moved to dismiss Plaintiff's hostile work environment claim on December 3, 2020. Dkt. 8. Plaintiff opposed that motion on December 16, 2020, and Defendants submitted a reply in support of their motion to dismiss on December 22, 2020. Dkt. 13.

## II. STANDARD OF REVIEW

A Rule 12(b)(6) motion tests the sufficiency of a complaint. *Brockington v. Boykins*, 637 F.3d 503, 506 (4th Cir. 2011). "[T]he reviewing court must determine whether the complaint alleges sufficient facts 'to raise a right to relief above the speculative level[,]'" and dismissal is appropriate only if the well-pleaded facts in the complaint "state a claim that is plausible on its face.'" *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2008) (citing *Twombly*, 550 U.S. at 556).

Still, "[c]onclusory allegations regarding the legal effect of the facts alleged" need not be accepted. *Labram v. Havel*, 43 F.3d 918, 921 (4th Cir. 1995); *see also E. Shore Mkts., Inc. v. J.D. Assoc. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) ("[W]hile we must take the facts in the light most favorable to the plaintiff, we need not accept the legal conclusions drawn from the facts . . . Similarly, we need not accept as true unwarranted inferences, unreasonable conclusions, or

arguments."). And "[g]enerally, courts may not look beyond the four corners of the complaint in evaluating a Rule 12(b)(6) motion." *Linlor v. Polson*, 263 F. Supp. 3d 613, 618 (E.D. Va. 2017) (citing *Goldfarb*, 791 F.3d at 508)).

### III. ANALYSIS

The Court analyzes whether Plaintiff has stated a hostile work environment claim, the only count Defendants have moved to dismiss under Rule 12(b)(6). To survive a Rule 12(b)(6) motion, a plaintiff need only plead facts sufficient to show she could make a direct or *prima facie* case of hostile work environment under Title VII. *See Hinton*, 185 F. Supp. 3d at 818. Were Plaintiff to proceed under the *McDonnell Douglas* framework, she must plead facts that could support a finding that Defendants' conduct (1) was unwelcome; (2) was based on her sex; (3) was sufficiently severe or pervasive to alter the conditions of her employment and to create an abusive work environment; and (4) was imputable to her employer. *See Okoli v. City of Baltimore*, 648 F.3d 216, 220 (4th Cir. 2011); *see also Bazemore v. Best Buy*, 957 F.3d 195, 200 (4th Cir. 2020). Defendants contest only the last element, arguing that Briscoe's conduct was not imputable to Plaintiff's employer, Washington Gas.

### A. Exhibits Attached to Defendants' Motion to Dismiss

In support of their Motion, Defendants attached two exhibits. The first is a termination letter Washington Gas sent to Plaintiff, and the second is a termination letter the company sent to Briscoe. According to Defendants, "[b]ecause the termination letter is integral to the claim of wrongful termination, the court" may rely on the exhibits "without converting the motion to dismiss into one for summary judgment." Dkt. 9 at 3 n.3 (citing *Carter v. SNC-Lavalin Constructors, Inc.*, No. CV DKC 17-3198, 2019 WL 918382, at *3 (D. Md. Feb. 25, 2019)). Plaintiff counters that the exhibits cannot be considered on a motion to dismiss, as her Complaint

"does not reference any termination letters and does not rely on any termination letters for their truthfulness." Dkt. 12 at 1-2.

The Fourth Circuit has addressed the issue presented. In *Goines v. Valley Cnty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016), the court examined a case in which the plaintiff's "claims [did] not turn on, nor [were] they otherwise based on, statements contained in a" document attached to the defendant's motion to dismiss but not attached to the plaintiff's complaint. *Goines* concluded that the exhibit at issue "arguably [was] not integral to the complaint and therefore should not have been considered by the district court." *Id.* (assuming without deciding that the document was integral because the plaintiff did "not argue otherwise").

Correspondingly, a district court errs when it treats as true the factual statements contained in certain exhibits, even if a plaintiff's complaint relies upon the exhibit. *See id.* at 168. Under this precedent, a court should consider "[t]he purpose for which the document is offered[.]" *Goines*, 822 F.3d at 169. And determining that purpose "is particularly important where the document is one prepared by or for the defendant." *Id.* (holding that "such unilateral documents may reflect the defendant's version of contested events or contain self-serving, exculpatory statements that are unlikely to have been adopted by the plaintiff."). What is more, under the well-established Rule 12(b)(6) standard, a court sets out to determine whether a plaintiff has alleged facts in her complaint sufficient to state a claim for relief; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Hall v. Greystar Mgmt. Servs., L.P.*, 637 F. App'x 93, 99 (4th Cir. 2016) (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)).

The Court will not consider the exhibits in resolving Defendants' Motion to Dismiss. Plaintiff did not attach the exhibits to her Complaint. She also does not reference or rely on the

termination letters Defendant attached as exhibits. The Court declines to find that the termination letters themselves are "integral to the complaint"—at least as to Plaintiff's hostile work environment claim—a necessary predicate for considering exhibits attached to a motion to dismiss. *See Sec'y of State For Defence v. Trimble Nav. Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). And there is no indication that Plaintiff has adopted Defendants' versions of events as they are presented in the termination letters. *See Goines*, 822 F.3d at 164.

### B. Whether Briscoe's Conduct is Imputable to Plaintiff's Employer

The only issue left for the Court's resolution is whether Briscoe's conduct, as alleged in the Complaint, is imputable to Plaintiff's employer.[2] Defendants argue it is not, contending that Plaintiff's hostile work environment claim fails because she has not offered any factually plausible allegations that Briscoe's conduct may be imputed to Washington Gas. *See* Dkt. 9 at 7. According to Defendants, Plaintiff fails to state sufficient allegations about her employer's acts or omissions after learning of his conduct. *See* Dkt. 13 at 3. Defendants further argue that Plaintiff does not allege Briscoe harassed her during the period between the date she first reported his conduct to Washington Gas, February 5, 2020, until she was terminated by the company some two weeks later. *See id.*

For her part, Plaintiff argues that the allegations in her Complaint are sufficient to sustain her hostile work environment claim as to the element of imputing Briscoe's conduct to her employer. In support, she points to allegations stating that "[o]n or about February 5, 2020, [Plaintiff] reported Briscoe's conduct to her supervisor and informed her supervisor that it was not the first time Briscoe had made lewd comments or displayed his fully erect penis through his

---

[2] Defendants note, and Plaintiff admits, that paragraph 43 of the Complaint mistakenly refers to Briscoe as Plaintiff's supervisor. *See* Dkt Nos. 9; 12. Briscoe was, in fact, Plaintiff's co-worker. *See* Dkt. 1 ¶ 13.

pants,"; that "[o]n or about February 10, 2020, Washington Gas interviewed [Plaintiff] regarding her complaint of harassment,"; and that "on February 18, 2020, as a result of the reported incident, Washington Gas terminated [Plaintiff]." Dkt. 12 at 3 (citing Dkt. 1 ¶¶ 33-35).

The Court has assessed the facts as alleged in Plaintiff's Complaint. The Court finds that the Complaint contains sufficient factual detail to conclude that the hostile work environment created by Plaintiff's co-worker is imputable to Plaintiff's employer, Washington Gas. The Court concludes that the conduct is fairly imputed to Defendants because, at the pleading stage, Plaintiff has plausibly pleaded that her "employer knew or should have known of the harassment and failed 'to take prompt remedial action reasonably calculated to end the harassment.'" *Freeman v. Dal-Tile Corp.*, 750 F.3d 413, 423 (4th Cir. 2014) (quoting *Amirmokri v. Balt. Gas & Elec. Co.*, 60 F.3d 1126, 1131 (4th Cir. 1995)); *see also Young v. Hous. Auth. of Baltimore City* (No. CV SAG-21-00996, 2021 WL 3852340, at *4 (D. Md. Aug. 27, 2021) (finding that "under the forgiving pleading standard, [the plaintiff's] allegations sufficiently allege[d] a hostile work environment" created by her co-worker and that the harassment was "plausibly imputable to" her employer). In the light most favorable to Plaintiff, the non-moving party, the Court concludes that she has alleged a hostile work environment claim.

## IV. CONCLUSION

For these reasons, Plaintiff has stated a claim upon which relief may be granted. Accordingly, Defendant's Motion is DENIED.

It is SO ORDERED.

Alexandria, Virginia
September 9, 2021

/s/
Rossie D. Alston, Jr.
United States District Judge